IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| PETER KOVALCHICK, | : | BANKRUPTCY NO.: 5-01-bk-03870 |
| DEBTOR | : | |
| PETER KOVALCHICK, | : | |
| PLAINTIFF | : | |
| vs. | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Bank. P. 7012 (Doc. 16)} |
| RICHARD A. SPRAGUE, ESQ., DAVID L. DACOSTA, ESQ., JOSEPH J. MCALEE, ESQ., CHARLES J. HARDY, ESQ., LAWRENCE R. WOEHRLE, ESQ., and SPRAGUE & SPRAGUE, | : | |
| DEFENDANTS | : | **ADVERSARY NO.: 5-05-ap-50134** |

# OPINION[1]

Before this Court is the Defendant's Motion to Dismiss the Amended Complaint pursuant to Federal Bankruptcy Procedure Rule 7012 (Doc. 16). For the reasons set forth herein, the Motion is granted and the action is dismissed.

**PROCEDURAL HISTORY**

Peter Kovalchick, ("Kovalchick"), originally filed this Complaint on May 10, 2005 against Richard Sprague, David Dacosta, Joseph McAlee, Charles Hardy, Lawrence Worehrle,

---

[1] Drafted with the assistance of Kathryn F. Evans, Law Clerk.

[m:\users\cathy\wp...\opinions\05-ap-50134_Kovalchick.wpd]

and the Law Firm of Sprague & Sprague[2], Defendants, alleging various disciplinary violations. In response, Defendants filed a Motion to Dismiss. Kovalchick then filed a Motion for Summary Judgment, which was denied by the Court. The Court granted the Defendants' Motion to Dismiss with leave to amend, limiting Kovalchick to allegations regarding RS Financial's Proof of Claim and any information that came to Debtor's knowledge after October 22, 2002 (the date of disposition of RS Financial's Proof of Claim). Kovalchick then filed an Amended Complaint on September 15, 2005 with 19 exhibits. The Defendants filed a Motion to Dismiss the Amended Complaint on October19, 2005, the disposition of which is presently before this Court. Kovalchick responded on November 4, 2005.

## JURISDICTION

This matter is a core proceeding under 28 U.S.C. § 157(b). This Court has jurisdiction under 28 U.S.C. § 157, and 28 U.S.C. § 1334, and Middle District of Pennsylvania Standing Order Misc. 84-0203 to render this decision.

## BACKGROUND

On October 25, 2001, David L. DaCosta of Sprague & Sprague filed a Proof of Claim ("RS Proof of Claim") in Kovalchick's Chapter 11 bankruptcy on behalf of RS Financial in the amount of $2,030,713.70. On August 29, 2003, Joseph McAlee filed a Praecipe for a Writ of Execution for $1,309,605.13 and an accompanying affidavit pursuant to R.C.P. 3129.1 ("McAlee Writ"). On February 5, 2002, Charles Hardy, on behalf of RS Financial, wrote a letter to this Court which Kovalchick alleges claims ownership to the property ("Hardy Letter").

---

[2] All the attorneys named on the Complaint are attorneys with the law firm Sprague & Sprague.

**KOVALCHICK'S CLAIMS FOR RELIEF**

Based on the aforementioned documents, Kovalchick makes the following claims against the Defendants:

1. That the Defendants' committed fraud by knowingly and maliciously filing contradictory documents on behalf of RS Financial. Kovalchick's fraud arguments can be summarized as follows:
    a. Defendants committed fraud by stating they owned the property in the McAlee Writ but then disclaimed ownership in the Hardy Letter.
    b. Defendants committed fraud by filing the RS Proof of Claim asserting one amount and then filing the McAlee Writ asserting a different amount.
    c. The Defendants purposefully contrived to cheat Kovalchick out of his 2000 Chapter 13 Bankruptcy.

2. That the Defendants, by continuing to file documents in his bankruptcy case and continuing to pursue certain property allegedly belonging to Kovalchick, violated the following professional rules of conduct: PA rules of Professional Conduct 3.1, 3.4, 4.1, 4.4, 5.1, 5.2, 8.3, 8.4; Rule 83.24.1; Rules 1-8 of the Middle District Court, Local Bankruptcy Rule 2090-2 (a); and 11 U.S.C. § 105(a).

**ANALYSIS**

**1) Federal Rule of Bankruptcy Procedure 7012 Generally**

In determining a motion to dismiss pursuant to Fed. R. Bank. P. 7012, the Court applies the standards developed to determine a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Markowtiz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). Rule 12(b)(6) provides that a motion to dismiss a complaint may be filed for "failure to state a claim upon which relief can be granted." When determining a Rule 12(b)(6) motion to dismiss, the court must accept as true all allegations in the complaint and all reasonable inferences drawn from those allegations and view them in a light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 412-22 (1969); *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir. 1991).

Additionally, it should be noted that there is a heightened pleading requirement for

averments of fraud.  Pursuant to Fed. R. Bank. P. 7009(b), allegations of fraud must be plead with particularity.  Failure to plead fraud with particularity may provide the basis to grant a Rule 12(b)(6) motion to dismiss.  *See* Hon. William W. Schwarzer, Hon. A. Wallace Tashima, and James M. Wagstaffe, *Federal Civil Procedure Before Trial,* ¶ 9:196 (The Rutter Group 1996).

Normally, matters outside the pleadings may not be considered in a Rule 12(b)(6) motion without converting the motion into a motion for summary judgment under Fed. R. Civ. P. 56.  However, there are various exceptions to the rule prohibiting consideration of outside documents including one exception for matters of public record.  *Pension Guaranty Corp. v. White Consolidated Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  There is another exception for exhibits attached to the complaint and importantly, "when a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations."  *Thompson v. Illinois Dept. of Prof. Reg.* 300 R.3d 750, 754 (7th Cir. 2002); *See also Federal Civil Procedure Before Trial, supra,* ¶ 9:212.  In the present case, Kovalchick's arguments rely primarily on three exhibits attached to his Amended Complaint including: 1)The RS Proof of Claim for $2,030,713.70;  2) the McAlee Writ and accompanying affidavit;  and 3) the Hardy Letter.

Another exception to the rule disallowing consideration of outside matters in a Rule 12(b)(6) motion to dismiss is that a court may take judicial notice of documents the defendant attaches to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the claim.  *See Pryor v. National Collegiate Athletic Ass'n.*, 288 F.3d 548 (3d Cir. 2002), *see also Federal Civil Procedure Before Trial*, *supra,* at ¶ 9:12:15.

### 2) Kovalchick's First Claim for Relief Should be Dismissed

#### a) Kovalchick's Claim of Fraud As Evidence by the Hardy Letter & McAlee Writ

Kovalchick's Amended Complaint alleges the Defendants committed fraud by filing documents that contradict themselves with regard to RS Financial's ownership in certain real property. According to Kovalchick, the Defendants' fraud can be evidenced by the fact that the McAlee Writ did not claim title to the property, where as the Hardy Letter did. However, even giving all inferences to Kovalchick, the Hardy letter cannot be interpreted to stand for the proposition that RS Financial claims an ownership interest in the property.

The Hardy Letter is a letter written to this Court on behalf of RS Financial in response to Kovalchick's assertions that Judge Scholl, a bankruptcy judge presiding in a prior bankruptcy case filed by Kovalchik in the Eastern District of Pennsylvania to No. 91-24182, ruled in the Kovalchick's favor on the issue of who owned the real property. [*See*: Exhibit E, to the Amended Complaint]. The letter's purpose was to show that, although Judge Scholl had reservations with regard to RS's interest in the property, Judge Scholl never made a definitive ruling on the ownership of the property. *Id.*, see also *In re Kovalchick*, 175 B.R. 863 (Bankr. E.D. Pa. 1994). Nowhere in the letter does it state that RS Financial owns the property, the letter merely states that the ownership of the property was currently embroiled in pending litigation in the Schuykill County Court, which was then stayed by the automatic stay.

The Hardy Letter cannot be construed as an intentional fraudulent misrepresentation. The letter cannot be interpreted to stand for the assertion that Kovalchick alleges. In fact, the letter's entire purpose is to tell the Court that the property's ownership was then unknown and being litigated in state court. As such, even giving all inferences to Kovalchick, his claim for

fraud still fails and should be dismissed because, as stated above, "when a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations." *Thompson v. Ill. Dept. Of Prof. Reg.* 300 F.3d 750, 754 (7th Cir. 2002).

**b.) Kovalchick's Claim of Fraud as Evidenced by RS Proof of Claim & McAlee Writ**

Paragraph ten of Kovalchick's Amended Complaint is convoluted, but can be interpreted as asserting either one of the following two arguments: 1) that the Defendants maliciously filed a fraudulent proof of claim; or 2) that the Defendants intentionally and fraudulently computed the claim to defraud Kovalchick and his creditors. Both of these allegations hinge on the $700,000 difference between the RS Proof of Claim and the amount of the claim listed in the McAlee Writ.

If Kovalchick is arguing that the Defendants filed a false proof of claim, this claim should be dismissed because the validity of the RS Proof of Claim has already been decided. The RS Proof of Claim has been throughly litigated and has withstood Kovalchick's attacks on multiple occasions including on October 22, 2002, when this Court granted summary judgment for RS Financial, overruling Debtor's objection to the Proof of Claim. This Court found that the issue had been throughly litigated in state court through the Pennsylvania Supreme Court, *R/S Financial v. Kovalchick*, 552 Pa. 584, 716 A.2d 1228 (1998), and up through the Third Circuit Court of Appeals, *Kovalchick v. R/S Financial*, 281 F.3d 221 (2001).[3] *See In re Kovalchick*, Case No. 5-00-bk-00513, RS Financial Motion to Dismiss Because of Failure to Qualify for

---

[3] The court may consider state court proceedings without converting the 12(b)(6) motion into a summary judgment motion because they fall under both the exception for public records (*See Oshiver v Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994)) and for the exception for matters that may be judicially noticed. *See Iacaponi v. New Amsterdam Cas. Co.*, 258 F. Supp. 880 (W.D. Pa. 1966) (dismissing action on basis of res judicata after taking judicial notice of state court proceedings), *aff'd*, 379 F.2d 311, 312 (3d Cir. 1967).

Chapter 13 Because his Debts Exceed the Amounts Specified in 11 U.S.C. §109, (Doc. 96), and Order Granting Motion to Dismiss filed June 7, 2001 (Doc. 126).

If Kovalchick is asserting the Defendants are guilty of knowingly miscalculating the RS Proof of Claim, the claim should be dismissed because the information regarding how the claim was calculated was available to him prior to October 22, 2002, and because the Proof of Claim was based on non-fraudulent sources fully disclosed to both the Court and Kovalchick. All elements and assumptions underlying the RS Proof of Claim were disclosed to both the Debtor and to the Court in the paperwork attached to the RS Proof of Claim which has already been litigated. Defendants' brief painstakingly tracks the calculation of the RS Proof of Claim. (Defendants' Motion to Dismiss at 6-10 (Doc. 17).) All of the Defendants' calculations appear to be based on public records and legitimate calculations of interest, and there is no indication that the Defendants are maliciously cooking up numbers to increase the RS Proof of Claim. Furthermore, Defendants acknowledge that the exact dollar amount, more specifically the amount of accrued interest, of the RS Proof of Claim is still an issue pending before this Court.[4]

In sum, because the information regarding how the RS Proof of Claim was calculated was available to Kovalchick prior to October 22, 2002, because the RS Proof of Claim can be substantiated by public records and judgments, and because the actual dollar amount of the RS Proof of Claim is still pending before this Court, Defendants' Motion to Dismiss should be granted with respect to this issue.

---

[4] See Defendants' Motion to Dismiss, Doc. No. 17, Exhibit C: Doc. No. 55 in Kovalchick's Bankruptcy Case No. 5-01-bk-03870: October 22, 2002 Order of this Court granting R/S Financial's motion for summary judgment over Kovalchick's objection to the R/S proof of claim which states in pertinent part: "I am, therefore, bound by principals of res judicata to overrule the objection and allow the claim except as to the collateral issues of accruing interest and secured status."

### c.) Kovalchick's Claim Defendants Contrived to Cheat him out of his 2000 Chapter 13 Bankruptcy

Kovalchick alleges in his Complaint that "the law firm of Sprague and Sprague did purposely contrive this scheme to cheat Peter Kovalchick out of his 2000 Bankruptcy file in Chapter 13, to which a Trustee is assigned, and such protections to protect his estate." (Amended Complaint at 14 (Doc. 12).) Aside from the bald assertion of fraud, Kovalchick makes no reference to any specific instances of conduct.

As stated above, when pleading fraud, a plaintiff must plead it with particularity pursuant to Fed R. Bank. P. 7009(b). Rule 7009(b) requires plaintiffs to plead with particularity the circumstances of the alleged fraud "in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard Defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.,* 742 F.2d 786. 791 (3d Cir. 1984). Here, Kovalchick is merely making a bald assertion that Defendants are in a conspiracy against him. Furthermore, it is important to note that his Chapter 13 bankruptcy was not dismissed because of the Defendants' actions, but because his total debt exceeded the statutory limits. (See Defendants' Motion to Dismiss, Exhibit I [Order and Motion of RS Financial] (Doc. 17).) Additionally, even assuming that the Defendants did cause Kovalchick's Chapter 13 to get dismissed, it is not related in any way to RS Financial's Proof of Claim, and thus is beyond the scope for which he was allowed to amend his original complaint. This claim should be dismissed.

### 3) Kovalchick's Second Claim For Relief Should be Dismissed

Kovalchick asserts that the Defendants violated PA Rules of Professional Conduct 3.1,

3.4, 4.1, 4.4, 5.1, 5.2, 8.3 and 8.4. He asserts that Defendants violated Rules 83.24.1 and 1-8 of the Middle District Rules, Local Rule 2090-2(a), and 11 U.S.C. §105(a) through their fraudulent conduct as discussed in the allegations made in his first claim for relief. However, because he fails to allege any legally significant wrongdoing on the part of the Defendants in his first claim for relief, his second claim for relief also fails.

**Conclusion**

Defendants' Motion to Dismiss the Amended Complaint should be granted.

An Order will follow.

Date: March 7, 2006

John J. Thomas, Bankruptcy Judge

(CMS)

*This electronic opinion is signed and filed on the same date.*